UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KRISTINE P. PURCELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No: 1:09 CV 356 |
| BANK OF AMERICA, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

I.  BACKGROUND

Defendant, Bank of America ("BOA"), has moved to dismiss this case pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) or RULE 12(c) for failure to state a claim upon which relief can be granted. Plaintiff, Kristine P. Purcell ("Purcell"), has waived her opportunity to respond, subjecting the motion to a summary ruling. (DE # 23.) L.R. U.S. DIST. CT. FOR N.D. IND. 7.1. In her two page complaint filed in state court, Purcell alleges that BOA has wrongly accused her of owing money on an account. (DE # 1 at 1.) She states that BOA has refused to provide her or her attorney with any documentation or verification of her connection to the account. (*Id.*) She alleges that BOA has wrongfully reported to credit agencies that she owes money when she does not and that, as a result, she has incurred substantial increases in her business account interest rates and denials of financing. (*Id.*) She contends that BOA has "committed criminal mischief" through its alleged wrongful reporting and investigation. (*Id.*)

## II. STANDARD OF REVIEW

In considering a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Since this motion was made after an answer was filed, the court will consider it a RULE 12(c) motion for judgment on the pleadings which is evaluated under the same standard as in RULE 12(b)(6). *Lanigan v. Vill. of East Hazel*, 110 F.3d 467, n.2 (7th Cir. 1997.) A court can dismiss a claim of relief under RULE 12(b)(6) for a "failure to state a claim upon which relief can be granted."

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The complaint must go beyond providing "labels and conclusions," and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To do this, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To meet the plausibility standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" as required by RULE 8(a)(2). *Id.* at 1950.

The plaintiff cannot just "give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Still, the plaintiff "must provide 'only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *Tamayo v. Blagovich*, 526 F.3d 1081, 1083 (7th Cir. 2008)).

### III. ANALYSIS

BOA argues that Purcell's only possible claim is under the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681, because the FCRA preempts all state law causes of action. (DE # 15 at 2.) BOA next argues that Purcell cannot recover under the FCRA because there is no private right of action for wrongful reporting under 15 U.S.C. § 1681s-2(a). (*Id.* at 5.) It also argues that Purcell cannot recover for wrongful investigation under 15 U.S.C. § 1681s-2(b) because she has not alleged that BOA, as the furnisher of credit information, reported inaccurate information or failed to conduct an investigation *after* being notified by a consumer reporting agency ("CRA") that Purcell disputed the accuracy of the information. (*Id.* at 7.)

*a.   No private right of action under 1681s-2(a)*

BOA argues that there is no private right of action under 15 U.S.C. § 1681s-2(a) to sue a furnisher of credit information for wrongful reporting to CRAs. (DE # 15 at 5.) Section 1681s-2(a) states that furnishers of credit information have a duty to provide

3

accurate information to CRAs. Furnishers may not report information when they know or have reasonable cause to believe that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). They also may not furnish information about a consumer to a CRA if the consumer has notified the CRA that specific information is inaccurate and the information is in fact inaccurate. 15 U.S.C. § 1681s-2(a)(1)(B). Section 1681s-2(c) states that the sections of the FCRA that impose civil liability for willful and negligent non-compliance with the FCRA, Sections 1681n and 1681o, do not apply to any violation of Section 1681s-2(a). Section 1681s-2(d) states that Section 1681s-2(a) can be enforced exclusively by government agencies and officials.

Accordingly, the Seventh Circuit has recognized that Section 1681s-2(c) precludes private rights of action under Section 1681s-2(a). *Perry v. First Nat'l Bank,* 459 F.3d 816, 819, 822 (7th Cir. 2006) (stating that both before and after the Fair and Accurate Credit Transactions Act amended the FCRA in December, 2003, Section 1681s-2(c) "included an exemption from private actions for failure to comply with 15 U.S.C. § 1681s-2(a)"); *Lang v. TCF Nat'l Bank*, 338 Fed. Appx. 541, 544 (7th Cir. July 24, 2009) (unpublished) ("Section 1681s-2(c) specifically exempts violations of § 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section."). District courts within the Seventh Circuit have consistently found that there is no private right of action under 15 U.S.C. § 1681s-2(a). *Kennedy v. Equifax Inc.*, 641 F. Supp. 2d 788, 792 (S.D. Ind. 2009)*; Ori v. Fifth Third Bank II*, 674 F. Supp. 2d 1095, 1096 (E.D. Wis. 2009) ("Furnishers may not report information to CRAs that they know

4

to be erroneous. § 1681s-2(a). However, only the government can enforce a furnisher's breach of such duty. § 1681s-2(d)."); *Rollins v. Peoples Gas Light and Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("It is undisputed that there is no private right of action under § 1681s-2(a)."); *Criddell v. Transunion LLC*, No. 09 C 6235, 2010 WL 1693093, at *5 (N.D. Ill. Apr. 27, 2010) (stating "a consumer may not bring an individual claim for a violation of § 1681s-2(a), as there is no private right of action to enforce compliance with the section").

Thus Purcell has no claim under Section 1681s-2(a). BOA's motion to dismiss will be **granted** as to this claim and the claim will be **dismissed with prejudice**.

    b.    *Purcell has not pleaded the factual allegations to state a claim under Section 1681s-2(b)*

When a furnisher of information to a consumer reporting agency receives notice from a CRA that the consumer disputes the accuracy or completeness of that information, Section 1681s-2 imposes certain duties, including the duty to investigate, upon the furnishing entity. 15 U.S.C. § 1681s-2(b). A furnisher of information to a CRA only has a duty under Section 1681s-2(b) after it receives notice from a CRA that a consumer is disputing the credit information; the duty is not triggered by a direct consumer complaint to the furnisher. *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 925 (N.D. Ill. 2000); *Brown v. Bank One Corp.,* No. 01C4698, 2002 WL 31654950, at *2 (N.D. Ill. Nov. 22, 2002).

In order to survive a motion to dismiss for a Section 1681s-2(b) claim, a plaintiff does not have to plead that a CRA notified the furnisher of the dispute. *See Lang*,

249 Fed. Appx. at 466-67. In *Lang*, an unpublished decision, the Seventh Circuit explained that the district court improperly dismissed the plaintiff's claim for failure to allege that a consumer reporting agency notified the furnisher of the dispute. (*Id.*) The court explained that to survive a motion to dismiss, the plaintiff's complaint need only provide "fair notice" to the defendant of the what the claims are and show that recovery is plausible. *Id.* In *Lang*, the plaintiff pleaded that he had notified a CRA of the dispute and that the furnisher failed to investigate the challenged information once it learned of the dispute. *Id.* at 466. The court found that these allegations were sufficient to state a claim. *Id.* The court also explained that plaintiffs may not be able to plead that the CRA notified the furnisher of the dispute because the FCRA does not require a CRA to notify a consumer when it reports the dispute to the furnisher. *Id.*

While *Lang* establishes that to state a Section 1681s-2(b) claim a plaintiff does not have to plead that the CRA reported the dispute to the furnisher, district courts within the Seventh Circuit have dismissed complaints under RULE 12(b)(6) for failing to allege that the plaintiff notified a CRA of the dispute. *See Ori v. Fifth Third Bank I*, 603 F. Supp. 2d 1171, 1174 (N.D. Ill. 2009) (distinguishing its situation from *Lang* because Ori did not plead that he had notified a CRA of his dispute and, thus holding that Ori did not "plausibly suggest" that he had a Section 1681s-2 claim); *Ori II*, 674 F. Supp. 2d at 1096-98 (stating that the court had dismissed plaintiff's first complaint because he had not alleged that he had notified a CRA of the dispute and that the CRA had notified the furnisher, but also noting that once the plaintiff amended his

6

complaint it was sufficient that he pleaded that he notified the CRA of the dispute); *Dornhecker*, 99 F. Supp. 2d at 925 (dismissing a plaintiff's Section 1681s-2(b) claim without prejudice because he alleged only that he notified the furnisher of the dispute, not that he notified a consumer reporting agency of the dispute); *Murray v. JPMorgan Chase NA*, No. 10-3097, 2010 WL 3283012, at *5 (C.D. Ill. Aug. 18, 2010) (dismissing a Section 1681s-2(b) claim because the plaintiffs did not plead that they contacted a CRA or that the defendant was notified of the dispute by a CRA).

In contrast to *Lang*, Purcell, has not pleaded that she notified a CRA of her dispute. Purcell alleges that BOA has "wrongly accused [her] of owing money on an account" and has "wrongfully reported to credit agencies [her] non payment of said account which Plaintiff does not owe." (DE # 1 at 1.) She states that she has repeatedly asked BOA for documentation and verification of her connection to this account, and that it has refused to provide this information. (*Id.*) Purcell has not alleged that she notified a consumer reporting agency that she disputed the credit information provided by BOA or that a consumer reporting agency notified BOA that Purcell disputed the information. Thus, Purcell's complaint does not give notice of a claim under Section 1681s-2(b), as the duties imposed by Section 1681s-2(b) are triggered only by notice of a dispute by a CRA to a furnisher. Because Purcell has not pleaded anywhere that she notified a CRA of her dispute, information that would have been entirely within her control and knowledge, she has not pleaded sufficient facts from which this court can

7

"draw the reasonable inference that the defendant is liable for the misconduct alleged" as required by *Iqbal*. 129 S.Ct. at 1949.

The court notes that Purcell did not file a response to BOA's motion to dismiss so she did not take the opportunity to argue that she had notified a CRA of her dispute. (*See* DE # 23 (court minutes note that Purcell waived a response to the motion to dismiss and agreed that the court could rule on the current record).) Purcell could have supplemented her complaint with factual narration in an affidavit or brief as long as these allegations were consistent with those in her original complaint. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *Pierce v. Ill. Dep't. of Human Servs.*, 128 Fed. Appx. 534, 537-38 (7th Cir. Apr. 5, 2005) (unpublished). She also could have requested the opportunity to amend or replead her complaint to include these allegations, but she did not do so. *Cf. Brown*, 2002 WL 31654950, at *2 (defendants moved to dismiss the plaintiffs' Section 1681s-2(b) claim when they pleaded only that they notified the furnisher of the dispute, but the court denied the motion to dismiss and granted the plaintiff's motion to amend their complaint to allege that they notified a CRA of the dispute and that, on information and belief, the CRA notified the defendant); *Murray*, 2010 WL 3283012, at *5 (stating that it would ordinarily grant a request to replead a complaint to state a Section 1681s-2(b) claim).

This court finds Purcell has not made sufficient factual allegations to state a claim upon which relief can be granted under Section 1681s-2(b). Thus, BOA's motion to

dismiss will be **granted** as to this count and Purcell's Section 1681s-2(b) claim will be **dismissed without prejudice**.

    c.    *Purcell's state law claims*

        1.    Jurisdiction over state law claims

As discussed above, the court is dismissing plaintiff's federal law claims. As BOA explains, jurisdiction in this court exists only under federal question jurisdiction and not diversity jurisdiction because Purcell stood to recover less than $75,000 at the time her complaint was filed. (DE # 2 at 1-2.) Therefore, this court would only have pendant jurisdiction over Purcell's state law claims. Because the court has already found that all of Purcell's federal law claims should be dismissed, it could now dismiss any remaining state law claims without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c)(3). *Dumas v. Dovenmuehle Mortgage Inc.*, No. 02C6271, 2005 WL 1528262, at *6 (N.D. Ill. June 23, 2005). 28 U.S.C. § 1367(c)(3) states that a federal court *may* decline to exercise supplemental jurisdiction over state law claims if it dismisses all claims over which it has original jurisdiction.

The Seventh Circuit has held that as a general rule, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727-28 (7th Cir. 1998) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). In deciding whether to retain jurisdiction over the state law claims, the court should consider whether the instant case is an

"unusual case" in which the relevant factors, including "judicial economy, convenience, fairness and comity" weigh towards a federal court deciding state claims on the merits. *Wright*, 29 F.3d at 1251-52. The Supreme Court has stated that the argument for exercising pendant jurisdiction under 28 U.S.C. § 1367(c)(3) is particularly strong when "the state claim is so closely tied to questions of federal policy," such as when the state claims implicate the federal doctrine of preemption. *Gibbs*, 383 U.S. at 727. Accordingly, the court will discuss the issue of whether Purcell's state law claims are preempted by federal law. *Cf., Dornhecker*, 99 F. Supp. 2d at 930.

2. Preemption of state law claims

BOA argues that express federal preemption completely bars Purcell from bringing any state law claim based on either statute or common law. (DE # 15 at 2-3.) BOA argues that Section 1681t(b)(1)(F) of the FCRA preempts both state statutory and common law claims arising out of providing information to consumer reporting agencies.[1] (DE # 15 at 2-3.)

There are two provisions of the FCRA that address preemption of claims arising out of the duties in Section 1681s-2: Section 1681t and Section 1681h. Section 1681t of the FCRA governs the relation of that Act to the laws of the state. 15 U.S.C. § 1681t. The statute states that "no requirement or prohibition may be imposed under the laws of

---

[1] The court notes that Bank of America has advocated for this approach, which is later explained to be the "total preemption approach," in at least one other district court without success. *See Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696, 699, 704 (D.S.C. 2005).

10

any State" with respect to "section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies" except for two exceptions for certain Massachusetts and California laws. 15 U.S.C. § 1681t(b)(1)(F).

Section 1681h(e) states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Thus Section 1681h(e) preempts state law negligence claims for providing inaccurate information to CRAs. *See Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. Appx. 363, 365 (7th Cir. Oct. 18, 2007) (unpublished); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir.2002). State law claims of defamation and invasion of privacy are also preempted unless a plaintiff can show that a CRA or a furnisher of credit information acted with malice or willful intent. *See e.g., Benson v. Trans Union, LLC*, 387 F. Supp. 2d 834 (N.D. Ill. 2005).

### i. Interaction between Section 1681h(e) and Section 1681t(b)(1)(F)

District courts have grappled with how to reconcile Section 1681h(e) and Section 1681t(b)(1)(F) since the latter was added to the FCRA in 1996, and it appears that no court of appeals has squarely addressed this issue. *Sites v. Nationstar Mortgage LLC*,

646 F. Supp. 2d 699, 705 (M.D. Pa. 2009); *Weseman v. Wells Fargo Home Mortgage, Inc.*, No. 06-1338, 2008 WL 542961, at *3 (D.Or. Feb. 22, 2008) ("To date, [not one] circuit court has addressed the scope of preemption under the FCRA."); *cf., Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1165 (9th Cir. 2009) (stating that the issue "presents a difficult issue of first impression," and then declining to resolve the issue). Generally, district courts have taken three different approaches to doing so - the total preemption approach, the temporal approach, and the statutory approach. *See Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 427-29 (S.D.N.Y. 2010); *Gordon v. Greenpoint Credit*, 266 F. Supp. 2d 1007, 1012-13 (S.D. Iowa 2007).

The total preemption approach, under which Section 1681t(b)(1)(F) is read to block all state statutory and common law claims, is losing favor among district courts because it violates several canons of statutory construction.[2] *Sites,*

---

[2] In support of its argument for the total preemption approach, BOA cites to the Second Circuit's construction of Section 1681t(b)(1)(A). (DE # 15 at 3.) The Second Circuit concluded that the provision preempted both statutory and common law claims. *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 106-107 (2nd Cir. 2009) ("Plaintiff's distinction between statutory and common-law claims under this section of the FCRA's express preemption provision is likewise unpersuasive. 'The phrase '[n]o requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law; to the contrary, those words easily encompass obligations that take the form of common-law rules.'") (quoting *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 521 (1992) (plurality opinion). While subsection 1681t(b)(1)(A) is part of the same section as 1681t(b)(1)(F), and the language is similar, Section 1681h(e) does not overlap with subsection 1681t(b)(1)(A). In *Premium Mortgage* the Second Circuit stated that because it was analyzing 1681t(b)(1)(A) it did not need to address any perceived tension between subsections 1681t(b)(1)(A) and 1681h(e). 583 F.3d at 106 n.2. Accordingly, *Premium Mortgage* is of limited utility in construing subsection 1681t(b)(1)(A).

646 F. Supp. 2d at 706-07. First, it is a cardinal principle of statutory construction that to the greatest extent possible, a statute should be construed so that no sentence, word, or clause should be rendered "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 34 (2001) (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). The total preemption approach renders Section 1681h(e) null, effectively repealing the earlier provision by implication. *Id.* at 707 (citing *Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181, 190 (D. Mass. 2006); *see also Gordon,* 266 F. Supp. 2d at 1012. The Supreme Court has held that "repeals by implication are not favored." *Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936). Second, Section 1681h(e) is recognized as the more specific provision and under the canons of statutory construction, a more specific provision will usually control a more general provision. *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974); *Sites*, 646 F. Supp. 2d at 707. Third, Congress extended Section 1681h(e) to furnishers of credit information in the same 1996 amendments in which it added Section 1681t(b)(1)(F). Thus, it seems unlikely that Congress intended to do away with Section 1681h(e) in these amendments. *Sites,* 646 F. Supp. 2d at 707; *Barnhill,* 378 F. Supp. 2d at 701. Accordingly, this court will not follow the total preemption approach.

The second option, the temporal approach, has been followed by several district courts within the Seventh Circuit. *See e.g., Hukic v. Aurora Loan Servs., Inc.*, No. 05-C-4950, 2007 WL 2563363, at *10-12 (N.D. Ill. Aug. 31, 2007); *Brown,* 2002 WL 31654950, at *3. Under this approach, Section 1681h(e) governs information

13

provided before a furnisher had notice of a dispute and Section 1681t(b)(1)(F) governs information given after notice of a dispute. *See e.g., Aklagi v. Nationscredit Fin. Servs. Corp.*, 196 F. Supp. 2d 1186, 1194-96 (D. Kan. 2002). The court finds this approach problematic because it fails to recognize that Section 1681t(b)(1)(F) applies to the entirety of Section 1681s-2. Subsection 1681s-2(a)(1)(A) states that furnishers should not provide to a CRA any information that the furnishers know or have reason to believe is inaccurate even before they have notice of a dispute. *Gordon*, 266 F. Supp. 2d at 1013 ("This Court finds the time period analysis to be strained at best. As the court in *Aklagi* conceded, § 1681s-2(a)(1)(A) charges furnishers of information with a duty to report accurate information regardless of whether the furnisher has notice of the dispute."); *Sites,* 646 F. Supp. 2d at 708.

Further, the temporal approach has the perverse effect of providing a furnisher who acts willfully or maliciously with more protection if it had notice of the dispute than if it did not have notice. *Id.*; *Manno v. Am. Gen. Fin. Co.*, 439 F. Supp. 2d 418, 429 (E.D. Pa. 2006) ("Courts have also pointed out another flaw in the temporal approach, namely that it paradoxically affords more legal protection to information furnishers after they are on notice of a dispute, when one would expect their liability to be *greater*."). Thus, this court will also not follow the temporal approach.

Under the statutory approach, Section 1681t(b)(1)(F) preempts state statutory claims against furnishers of credit information and Section 1681h(e) preempts some state tort common law claims. *See Manno,* 439 F. Supp. 2d at 424. The court finds this

14

approach to be most appropriate, and it has been followed by at least one other district court within the Seventh Circuit. *See Ori II*, 674 F. Supp. 2d at 1099. First, it is consistent with the canons of statutory construction. Several district courts have found that this approach is "most consistent with a close analysis of the statutory text and with the congressional intent underlying t(b)(1)(F)." *Manno,* 439 F. Supp. 2d at 425; *Johnson v. Citimortgage, Inc.*, 351 F. Supp. 2d 1368, 1376 (N.D. Ga. 2004); *Carlson v. TransUnion, LLC*, 259 F. Supp. 2d 517, 521 (N.D. Tex. 2003). *But see Parkash v. Homecomings Fin.*, No. 05-CV-2895, 2006 WL 2570900, at *5 n.8 (E.D.N.Y. Sept. 5, 2006). The statutory approach does not render Section 1681h(e) a nullity and it does not force a specific provision to yield to a general provision.

Second, the plain language of Section 1681t(b)(1)(F) supports the statutory approach. *See Barnhill*, 378 F. Supp. 2d at 703. In *Ori II*, the district court found that the language in Section 1681t(b)(1)(F) stating that "no requirement or prohibition may be imposed under the laws of any State" applies only to state statutory law. 674 F. Supp. 2d at 1098. The district court there distinguished the language from that at issue in the Supreme Court's plurality decision in *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992). In that decision, a plurality of the Court found that the language "imposed under State law" preempted some common law claims. The *Ori II* court decided that the language in Section 1681t(b)(1)(F) was significantly different because it addressed "laws" instead of "law." 674 F. Supp. 2d at 1098. The judge explained that the word "laws" "refers to enactments of a legislative nature, *i.e.*, statutes

and regulations" and therefore does not encompass common law the way that the word "law" does. *Id. But see Holtman v. Citifinancial Mortgage Co. Inc.*, No. 3-05-CV-1571, 2006 WL 1699589 at *3 (June 19, 2006) (stating "this court finds that 'under the laws of any state' in [Section 1681t(b)(1)(F)] refers to the statutory and common law of a state").

The *Ori II* court reasoned that even if the word "laws" is ambiguous, the language surrounding Section 1681t(b)(1)(F) shows Congress's intent that the provision to apply only to statutes and regulations. *Ori II*, 674 F. Supp. 2d at 1099; *see also Barnhill*, 378 F. Supp. 2d at 703. This subsection makes exceptions for two specific state statutes, but it makes no mention of common law, and Section 1681t as a whole exempts ten state statutes from preemption with no mention of common law. *Ori II*, 674 F. Supp. 2d at 1099 (citing *Manno*, 439 F. Supp. 2d at 425). Further, the *Ori II* court reasoned that the structure of the FCRA indicates the Section 1681t(b)(1)(F) was not intended to address common law claims because another section of the FCRA, Section 1681h(e), deals specifically with these claims. *Ori II*, 674 F. Supp. 2d at 1099.

Third, after the 1996 amendments, circuit courts have continued to apply Section 1681h(e) to common law claims arising from duties imposed by Section 1681s-2(b). *See Nwoke*, 251 Fed. Appx. at 365; *Brown v. Sterling Infosystems, Inc.*, No. 3:10-CV-697, 2010 WL 3057844 at *5 (N.D. Ohio Aug. 2, 2010).

Taken as a whole, this court finds the reasoning in *Ori II* and the other decisions following the statutory approach to be persuasive. This court finds that the statutory

16

approach is the construction that appears to come closest to realizing congressional intent for the FCRA.

### ii. Preemption under Sections 1681t(b)(1)(F) and 1681h(e)

Purcell has not listed any specific state legal theories in her complaint as she does not need to plead her theories of recovery at this point. *See Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642 (7th Cir. 2006) (stating that a plaintiff does not have to plead legal theories to survive a RULE 12(b)(6) motion to dismiss). However, the lack of specified state claims presents a challenge to deciding which state claims are preempted. The court will attempt to determine what state law claims could be presented by Purcell's complaint.

To begin, the court finds that Section 1681t(b)(1)(F) preempts any state law claims based on positive enactments arising out of BOA's duty to provide accurate information to consumer reporting agencies as covered by 15 U.S.C. § 1681s-2. Any such claims will be **dismissed with prejudice**.

The court will now determine whether Section 1681h(e) preempts any common law claims. First, Section 1681h(e) states that it does not apply to actions brought under Sections 1681n or 1681o of the FCRA which impose civil liability for willful or negligent noncompliance with the act. As explained above, Purcell has not made sufficient allegations to state a claim that BOA violated 1681s-2(b) and Sections 1681n and 1681o do not apply to violations of Section 1681s-2(a). Thus, Purcell does not appear to have

stated any cause of action under sections 1681n or 1681o. Second, the preemption under Section 1681(h) states that:

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of any information against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the use has taken adverse action . . . except as to false information furnished with malice or willful intent to injure such consumer.

Courts in other districts have held that this provision does not apply to furnishers of information who have not taken an adverse action against the consumer. *See e.g., Sites*, 646 F. Supp. at 705-706; *Islam*, 432 F. Supp. 2d at 194. These courts have reasoned that Sections 1681g and 1681h speak exclusively to CRAs and Section 1681m and the relevant portion of Section 1681h(e) apply only to a furnisher of information who has taken an adverse action against the consumer. *Sites*, 646 F. Supp. 2d 699, 705-706.

It appears to this court that for this provision to apply, the target furnisher does not have to disclosed the information pursuant to Sections 1681g or 1681h itself; the information at issue just has to have been disclosed pursuant to one of these provisions. In fact, district courts within the Seventh Circuit and the Seventh Circuit itself in an unpublished opinion have determined that Section 1681h(e) applies to actions in which a furnisher provided inaccurate information to a CRA. *Dornhecker*, 99 F. Supp. 2d at 931 (stating that "[p]ursuant to Section 1681h(e), [the plaintiffs] may only bring the common law actions alleged here by sufficiently pleading that [the defendant] furnished false

18

information to a consumer reporting agency with malice or willful intent to injure them"); *Nwoke*, 251 Fed. Appx. at 365 (stating that Section 1681h(e) of the FCRA "preempts state-law negligence claims for [furnishers] providing inaccurate information to credit-reporting agencies" and holding that the plaintiff's claims against a furnisher for reporting inaccurate information were preempted because she could not show that it acted with malice or intent to cause her harm); *Thomas v. CitiMortgage, Inc.*, No. 03-C-6177, 2004 WL 1630779, at *2 (N.D. Ill. July 16, 2004).

Regardless, nothing has been presented to the court that shows that the information at issue here was disclosed to Purcell pursuant to Sections 1681g or 1681h or that BOA has taken an adverse action against Purcell. Therefore, it does not appear at this time that Section 1681h(e) preempts any of Purcell's common law claims. Now that the court has determined that Purcell's state common law claims are not preempted by federal law, the court will **dismiss these claims without prejudice**. *See Ehredt Underground, Inc. v. Commonwealth Edison Co.*, 90 F.3d 238, 241 (7th Cir. 1996) (noting with approval that the district court, after dismissing the federal law claims that provided the basis for federal jurisdiction and determining that certain state laws were not preempted, dismissed without prejudice those non-preempted state law claims).

## IV. CONCLUSION

For the foregoing reasons defendant's motion for judgment on the pleadings (DE # 14) is **GRANTED**. Plaintiff's complaint (DE # 1) is **DISMISSED**. Plaintiff's claim under 15 U.S.C. § 1681s-2(a) is **DISMISSED with prejudice**. Plaintiff's claim under

15 U.S.C. § 1681s-2(b) is **DISMISSED without prejudice**. Plaintiff's state law claims based on positive enactments regulating conduct covered by 15 U.S.C. § 1681s-2(b) are **DISMISSED with prejudice**. Plaintiff's state common law claims are **DISMISSED without prejudice**.

<b>SO ORDERED.</b>

Date: November 30, 2010

s/James T. Moody<br>JUDGE JAMES T. MOODY<br>UNITED STATES DISTRICT COURT